IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAWRENCE BIRKS,

      Plaintiff,             No. 2:09-cv-1336-JFM (PC)

  vs.

DAVE L. RUNNELS, et al.,

      Defendants.        ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff, the only party to appear in this action, has consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). See Consent to Jurisdiction by United States Magistrate Judge, filed May 28, 2009.

        By order filed August 12, 2009, plaintiff's original complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Plaintiff's amended complaint contains the following allegations. In January 2006, Captain C Adams held a special committee hearing. Plaintiff was to appear before a Facility C-UCC for program review but he refused to sign an unlock chrono. The Committee placed plaintiff on C/C Status. As a result, an RCA television owned by plaintiff was "wrongfully confiscated and disposed." Amended Complaint, filed September 1, 2009, at 3. An administrative appeal was granted in part, requiring prison officials to make plaintiff whole for his loss. Defendants have refused to fairly compensate plaintiff for the loss of his television and have instead tried "to force another inmate old TV upon plaintiff," which plaintiff refused to accept. Id. Plaintiff seeks declaratory and injunctive relief and compensatory and punitive damages.

The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

1         In the instant case, the factual allegations of plaintiff's amended complaint show that the deprivation at issue was not authorized. The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq. Since plaintiff has not attempted to seek redress in the state system, he cannot sue in federal court on the claim that the state deprived him of property without due process of the law. For this reason, the court finds that plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, this action must be dismissed. See 28 U.S.C. § 1915A.

        On September 1, 2009, plaintiff filed a motion for the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's motion for the appointment of counsel will therefore be denied.

        In accordance with the above, IT IS HEREBY ORDERED that:

        1. Plaintiff's September 1, 2009 motion for appointment of counsel is denied; and

        2. This action is dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A.

DATED: October 13, 2009.

        /s/ John F. Moulds
UNITED STATES MAGISTRATE JUDGE

12;birk1336.dm